HAYNES AND BOONE, LLP
Jennifer M. Lantz (Cal. Bar. No. 202252)
  jennifer.lantz@haynesboone.com
525 University Ave, Ste 400
Palo Alto, CA 94301-1918
(650) 687-8820

HAYNES AND BOONE, LLP
Kenneth G. Parker (Cal Bar No. 182911)
  kenneth.parker@haynesboone.com
Diana C. Obradovich (Cal. Bar No. 312633)
  diana.obradovich@haynesboone.com
600 Anton Blvd., Suite 700
Costa Mesa, California 92626
(949) 202-3000

Attorneys for Plaintiff
TABLE DE FRANCE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABLE DE FRANCE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>DBC CORPORATION, a Mississippi corporation, and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: 5:19-CV-423<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Table de France, Inc. ("TDF"), for its claim against DBC Corporation ("DBC") and DOES 1 through 20, inclusive (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment arising under the Lanham Act (15 U.S.C. § 1051 et seq.). By this action, TDF seeks a declaration that it has not infringed upon the claimed trademark rights of Defendants, as set forth herein.

2. This Court has subject matter jurisdiction over this dispute, which arises under the Lanham Act, pursuant to 28 U.S.C. sections 1331 and 1338 and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391 because Defendants conduct business in this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

4. TDF is a Delaware corporation with its principal place of business at 2020 South Haven Avenue, Ontario, California 91761.

5. TDF is informed and believes, and based thereon alleges, that Defendant DBC is a Mississippi corporation doing business in this judicial district and is thus subject to personal jurisdiction here.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named as Does 1 through 20, inclusive, are unknown to TDF, which therefore sues these Defendants by such fictitious names. TDF will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. TDF is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants participated in some manner or is responsible or liable for the acts and omissions described in this Complaint and the damage resulting therefrom.

7. TDF is informed and believes, and based thereon alleges, that each of the Defendants named as Does 1 through 20, inclusive, performed, participated in, aided or abetted, authorized, ratified, and/or acquiesced in some manner, the acts and omissions alleged in this Complaint, proximately caused the damages alleged below, benefited from such acts and omissions and is liable to TDF for the damages and relief sought in this Complaint.

8. TDF is informed and believes, and based thereon alleges, that in participating in and/or performing the acts and omissions alleged in the Complaint, the Defendants, including the Doe Defendants, and each of them, were acting as the agents, servants, employees, alter egos, successors or predecessors in interest, and/or contractors of the other Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other Defendants, at all times relevant to this Complaint.

## GENERAL ALLEGATIONS

9. TDF makes and sells fine French crepes and wafers. TDF, using special machinery, also makes filled rolled wafers such as the ones depicted below:



10. Table de France's predecessor-in-interest, St. Michel Biscuits ("St. Michel"), was in business and selling filled rolled wafers in or into the US, identical to or substantially similar to the ones now sold by TDF and depicted above. On information and belief, St. Michel has sold such filled rolled wafers in the United States since at least the late 1970s, and, on information and belief, sold them in the United States before December 31, 1979. The filled rolled wafer product, since inception, has always been made on the same custom machinery.

11. In 1991, TDF began partnering with St. Michel. In 1998, TDF acquired the US machinery, products and business of St. Michel. TDF is the successor-interest to St. Michel with respect to the sale of the filled rolled wafer product. TDF has continued to produce the identical filled rolled wafer product, on the identical machinery, since 1998.

12. On information and belief, DBC has made and sells its "Pirouline" filled rolled wafer cookies. According to DBC the cookies are protected by trade dress consisting of a "helical line formed in and extending the length of a cylindrical cookie, in a color which contrasts the cookie" (the "Asserted Trade Dress"). On further information and belief, DBC is the owner of United States Trademark Registration No. 1,634,930 (the "Asserted Mark") depicting the Asserted Trade Dress. DBC has stated to the trademark office that its first use of the Asserted Trade Dress was "0-0-1979," which based on Trademark Office practice is understood to mean December 31, 1979.

13. In the mid-1980s and early 1990s, if not earlier, DBC's products and the products of TDF's predecessor-in-interest's products were sold by Sysco Corporation and/or Rykoff Sexton, food service suppliers, through the same catalogs and channels of trade, thus putting DBC on at least constructive notice of TDF's products not later than that time. Portions of relevant catalogs are attached hereto as Exhibit A.

14. In addition, and based on information and belief, DBC has in the past corresponded with St. Michel regarding DBC's claim to rights in the Asserted Trade Dress, but the matter was resolved and there was no further communication between DBC, on the one hand, and St. Michel or TDF, on the other, for decades after that. Nor did DBC take any legal action.

15. DBC has never contacted TDF in the twenty years since TDF acquired the assets of St. Michel in 1998, despite having been aware of the filled rolled wafer products.

16. On August 29, 2018, through its counsel, DBC contacted TDF. DBC asserted that DBC was the owner of the Asserted Trade Dress and the Asserted Mark and claimed that "your company is distributing a rolled wafer cookie product whose appearance infringes upon" the Asserted Mark. DBC further asserted that TDF's "design" of its filled rolled wafers "constitutes an infringement of DBC's registered and common law trademark rights." DBC demanded that, among other thing, TDF cease selling its filled rolled wafer product, withdraw them from the market, and state in writing that TDF would not sell it in the future. DBC set a deadline of ten days from the date of the letter (10 days from August 29, 2018) and stated that absent a written response DBC "will have no choice but to file suit." Despite that, DBC has not filed suit. TDF has a reasonable apprehension of DBC filing suit but no suit is imminent.

17. On November 18, 2018, TDF, through its counsel, responded to DBC's counsel and notified DBC of the above facts. Despite that, DBC appears to persist in contending that it has the right to file a lawsuit against TDF for trade dress infringement.

## CLAIM FOR DECLARATORY RELIEF
## Non-Infringement of the Asserted Trade Dress and the Asserted Mark
## Against All Defendants)

18. TDF realleges and incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth herein.

19. An actual controversy has arisen and now exists between TDF and Defendants concerning whether TDF has infringed and is infringing Defendants' Asserted Trade Dress and Asserted Mark.

20. TDF has advertised, marketed, offered for sale and sold the filled rolled wafer products for decades.

21. Defendants believe and maintain that the advertisement and sale of the filled rolled wafer products infringe DBC's Asserted Trade Dress and Asserted Mark.

22. TDF's sale of its filled rolled wafer products does not infringe the Asserted Trade Dress or the Asserted Mark because, among other reasons, there is no likelihood of confusion created by TDF's sale of its filled rolled wafer products. Specifically, and without limitation, TDF sells its filled rolled wafers at wholesale to sophisticated buyers of food products such as Sysco Corporation who are not confused by the alleged trade dress. Rather, such wholesale buyers buy based on product description and identifiers such as SKUs and product codes, not pictures of the products.

23. TDF further believes and alleges that Defendants' purported rights are invalid, unenforceable, or both.

24. TDF further believes and alleges that Defendants' purported trademark rights are narrow in scope such that TDF's advertisement and sale of its filled rolled wafer products does not infringe Defendants' purported rights.

25. TDF further believes and alleges that Defendants have engaged in acts and omissions that bar Defendants' enforcement of the Asserted Trade Dress and

Asserted Mark against TDF under the doctrines of laches and equitable estoppel. Specifically, Defendants have been aware of TDF's sale of its products for decades and have never taken action. Further, and also on information and belief, Defendants contacted TDF's predecessor-in-interest and, thereafter, took no action of any kind.

26. By virtue of the foregoing, TDF desires a judicial determination of the parties' rights and duties with respect to the trademark rights asserted by Defendants.

27. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## PRAYER

WHEREFORE, TDF prays for judgment against Defendants, and each of them, as follows:

1. For judgment declaring that:

   a. Defendants' rights are invalid, void, unenforceable and/or not infringed by any acts or omissions of TDF;

   b. Defendants' actions and assertions against TDF are barred by the doctrine of laches;

   c. Defendants actions and assertions against TDF are barred by the doctrine of equitable estoppel;

2. That TDF be awarded its reasonable attorney fees and costs of suit under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285; and

3. That TDF be awarded such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

TDF hereby demands a jury trial in the above-captioned action as to all issues triable to a jury.

DATED: March 7, 2019

HAYNES AND BOONE, LLP
JENNIFER M. LANTZ
KENNETH G. PARKER
DIANA C. OBRADOVICH

By: _____
Jennifer M. Lantz
Attorneys for Plaintiff
TABLE DE FRANCE, INC.